## NATIONAL RUBBER COMPANY *vs.* WILLIAM C. SWEET & others.

Suffolk.   March 2. — June 26, 1880.   ENDICOTT & SOULE, JJ., absent

In an action for the price of goods sold and delivered, the defendant contended that he made an entire contract for the purchase of a larger quantity than was delivered, and sought to recoup the damages he had sustained by reason of the delivery of only a part. It appeared that the contract was for the purchase of a certain number of cases of goods, and the kinds, sizes and quality of the goods were specified. The plaintiff contended that the contract was conditional on his having the goods in the stock then on hand. The defendant contended that the contract was for an absolute sale of the number of cases ordered. The evidence upon this question, and upon the question whether the plaintiff had the entire number of cases in stock, was conflicting. The defendant testified that the " sizes he ordered were the ordinary run of sizes." He was then asked, against the plaintiff's objection, " whether other sizes varying more or less from them would have been equally convenient to him in his business; " which question he answered in the affirmative. *Held*, that the admission of the question and answer afforded the plaintiff good ground of exception.

MORTON, J.   This is an action of contract upon an account annexed, to recover the balance due for one thousand cases of

rubber goods sold to the defendants. The defence is, that the plaintiff made an entire contract to furnish the defendants two thousand cases of rubber goods ; that the plaintiff refused to perform the contract by furnishing the second thousand cases ; and that the defendants thereby sustained damage to an amount greater than the balance claimed, which they have the right to set off by way of recoupment in this action. It is not contro‑ verted that the defendants made a contract with Clapp, the plaintiff's agent, for the purchase of two thousand cases of goods; and that they particularly specified the kinds, sizes and quality of the goods bought.

The controversy is as to the terms and conditions of the contract of sale, the defendants contending that it was for an absolute sale of the two thousand cases ordered, the plaintiff contending that it was a contract for the sale of the two thou‑ sand cases if it was found that Clapp had the goods in the stock then on hand in his store. There was much conflicting evidence upon this matter of controversy. William C. Sweet, one of the defendants, was the principal witness in their behalf. He testified, among other things, that the "sizes he ordered were the ordinary run of sizes." His counsel then asked him "whether other sizes varying more or less from them would have been equally convenient to the witness in his business." The court permitted the question to be put, against the objection of the plaintiff, and the witness answered in the affirmative.

We are of opinion that the question and answer were incom‑ petent. The contract, whether absolute or conditional, being for specific kinds and sizes, the plaintiff was not required or per‑ mitted to furnish, and the defendants were not required to accept nor entitled to call for, other kinds and sizes. The fact that other sizes would be equally convenient to the defendants has no tendency to prove any of the issues in the case, and was there‑ fore incompetent. Logically considered, the evidence was en‑ tirely immaterial ; but we cannot say that its admission may not have been prejudicial to the plaintiff. It is impossible to tell from this bill of exceptions whether the jury found for the de‑ fendants upon the ground that the contract was an absolute one, in which case the evidence might have been harmless, or upon the ground that, the contract being conditional as claimed by

the plaintiff, the latter could have performed it by the delivery of goods on hand in the store of Clapp at the time the contract was made.   There was conflicting evidence upon this last-named ground.   In considering it, the jury would be likely to be prejudiced against the plaintiff, if their minds were impressed with the conviction, which the incompetent evidence tended to create, that the sizes of the goods ordered were of no consequence.   The evidence was offered and urged by the defendants.   It was incompetent, and may have been injurious to the plaintiff; and we are therefore of opinion that it is entitled to a new trial.

As for this reason there must be a new trial, it is not necessary to discuss the other exceptions taken by the plaintiff.

*Exceptions sustained.*

*J. D. Ball*, for the plaintiff.

*R D. Smith*, (*M. M. Weston* with him,) for the defendants.